UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carol Pihl, <br><br>  Plaintiff, <br><br> v. <br><br> Law Office of Keith S. Shindler, Ltd., <br><br>  Defendant. | Case No. 14 C 7116 <br><br> Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

This is an action for damages under the Fair Debt Collection Practices Act. Plaintiff Carol Pihl alleges that Defendant Law Office of Keith S. Shindler, Ltd. violated the Act when, in the course of its legal representation of Precision Recovery, the law firm instituted a debt collection action against Plaintiff in a judicial district where she did not reside.

Defendant has filed a motion to dismiss [14], arguing that the Complaint is time-barred. This Court agrees and grants the motion for the following reasons.

I. **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint [1] in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to

"allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Background

Plaintiff Carol Pihl resides in Arlington Heights, Illinois. Compl. [1] ¶ 13. Arlington Heights falls within the jurisdiction of the Third Municipal District in Cook County. Compl. [1] ¶ 14.

On May 1, 2012, Precision Recovery, which was represented by Defendant Law Office of Keith S. Shindler, Ltd., sued Plaintiff in the First Municipal District in Cook County to collect certain debts. Compl. [1] ¶¶ 7-10. That case is captioned: *Precision Recovery v. Pihl*, Case No. 2012 M1 126111. Compl. [1] ¶ 8; *see generally Precision Recovery* Docket Sheet [1-1].

On October 31, 2013, the state court entered an Order for Installment Payments of Judgment and Costs against Plaintiff. Compl. [1] ¶ 23; *Precision Recovery* Docket Sheet [1-1]. The Order required Plaintiff to pay $150 per month

until the $3,234.41 judgment was satisfied. 10/31/13 Order, attached as Ex. E to Motion to Dismiss [14].[1]

## III. Analysis

Plaintiff has "one year from the date on which the violation occurs" to bring an action under the Fair Debt Collection Practices Act. 42 U.S.C. §1692k(d). The Act requires creditors to bring "any legal action on a debt against any consumer … in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 42 U.S.C. §1692i(a).

Here, Plaintiff alleges that Defendant violated Section 1692i(a) by bringing the debt collection action in the First Judicial District and not in the Third Judicial District, where she resides. The parties dispute whether this lawsuit, which was filed on September 12, 2014, is timely. That depends on when the Fair Debt Collection Practices Act's one-year statute of limitations began to run—whether on (a) May 1, 2012, when the underlying debt collection suit was filed; or (b) October 31, 2013, when the state court entered the Order for Installment Payments of Judgment and Costs. Only the second date falls within the applicable statute of limitations.

This Court joins the growing number of courts in this District that have considered the exact issue here and have granted the defendant law firm's motion to

---

[1] This Court takes judicial notice of the proceedings from *Precision Recovery v. Pihl*, Case No. 2012 M1 126111. *See Williamson*, 714 F.3d at 436; *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

dismiss, concluding that the applicable statute of limitations began to run when the underlying debt collection suit was filed—and not when judgment was entered. *See, e.g.*, *Balik v. Blitt & Gaines, P.C.*, No. 14 C 8702, 2015 WL 764013, at *3 (N.D. Ill. Feb. 21, 2015) (Kennelly, J.); *Padilla v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7650, 2015 WL 513277, at *2 (N.D. Ill. Feb. 5, 2015) (Kocoras, J.); *Ford v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 9601 (N.D. Ill. Feb. 4, 2015) (Shah, J.) (attached as Exhibit 5 to [27]); *Smith v. Markoff Law, LLC*, 14 C 7809 (N.D. Ill. Feb. 4, 2015) (Shah, J.) (attached as Exhibit 4 to [27]); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7948, 2015 WL 427845, at *2-3 (N.D. Ill. Jan. 29, 2015) (Kendall, J.); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7950, 2015 WL 401019, at *2-3 (N.D. Ill. Jan. 29, 2015) (Kendall, J.); *Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 9600 (N.D. Ill. Jan. 20, 2015) (Shadur, J.) (attached as Exhibit 1 to [27]). The Seventh Circuit has not yet addressed this issue.

These District Courts find that the statutory violation under Section 1692i(a) occurs when the defendant law firm "brings any legal action" in the wrong venue. Then they interpret "brings" to mean the commencement of the underlying debt collection lawsuit, based on the definition of that word and the structure and purpose of the Fair Debt Collection Practices Act. This Court sees no reason to depart from this well-informed analysis.

These District Courts also have rejected the principal cases relied on by Plaintiff because they do not involve the statute of limitations issue here, that is,

4

entering a judgment against Plaintiff. [19] at 4-5 (citing *Fox v. Citicorp Credit Services*, 15 F.3d 1507 (9th Cir. 1994); and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995)). The Courts in *Fox* and *Blakemore* found that garnishment and wage deduction proceedings, respectively, against the debtor's employer—a third-party to the lawsuit—are covered by Section 1692i(a). No garnishment proceeding against Plaintiff's employer is at issue here, so *Fox* and *Blakemore* are inapposite. *See, e.g.*, *Balik*, 2015 WL 764013, at *3 (distinguishing *Fox* and *Blakemore*). This case instead involves a judgment order entered against Plaintiff.

**IV.   Conclusion**

The motion to dismiss [14] is granted and the Complaint is dismissed with prejudice.

Dated: March 10, 2015

Entered:

*[signature]*

John Robert Blakey
United States District Judge